IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EDWIN ALEXANDER CHAVEZ GARAY,           )
                                        )
            Petitioner,                 )
                                        )
      v.                                )          1:25-cv-2215 (LMB/WEF)
                                        )
PAUL PERRY, et al.,                     )
                                        )
            Respondents.                )

## ORDER

Petitioner Edwin Alexander Chavez Garay ("Garay"), a native and citizen of El Salvador,

has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241,

in which he asserts that he has been illegally detained by the U.S. Department of Homeland

Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since August 21,

2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission"

pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C.

§ 1225(b)(2), violates the Immigration and Nationality Act (Count I), the implementing bond

regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II),  and his due process rights

(Count III).

Garay is currently detained at the Caroline Detention Center, which is within this Court's

jurisdiction and the basis upon which he is suing Paul Perry, the warden of the Caroline

Detention Center.  Garay has also sued James Mullan, the Assistant Director of ICE's

Washington Field Office; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney

General (collectively, "the federal respondents").  For the reasons discussed in this Order, the

Court finds that Garay is detained pursuant to 8 U.S.C. § 1226(a).  Accordingly, his Petition will

be granted as to Count III, and respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Garay entered the United States as a minor in 2014 "to flee death in El Salvador and [to] reunite with his parents in the United States." [Dkt. No. 1] at ¶¶ 1, 53. At the time, Garay was twelve years old. Id. at ¶ 1. Garay has had a "protracted history of trauma, including early paternal abandonment, physical abuse, psychological abuse, and repeated exposure to violence" in El Salvador, including "a near death experience, in which he was abducted by gang members, beaten nearly to death, and forced to take an unknown illicit substance." [Dkt. No. 1-1] at 24. As a result, Garay has been diagnosed with posttraumatic stress disorder ("PTSD"), Major Depressive Disorder ("MDD"), and Generalized Anxiety Disorder. [Dkt. No. 1] at ¶ 59. See also [Dkt. No. 1-1] at 24. Despite this, Garay has "built a relatively stable life": he was able to graduate from high school, and has "maintained a variety of jobs, including working in restaurants and in construction." Id. Furthermore, Garay "has never been charged with or convicted of any crime that would render him statutorily ineligible for asylum or to adjust his status to lawful permanent resident in the future." [Dkt. No. 1] at ¶ 61.

Because Garay's immigration history is substantively different from those of other petitioners this Court has recently received, it is summarized below. After entering the United States in 2014, Garay was apprehended by immigration officials and was issued a Form I-200 Warrant for Arrest, citing INA § 236 (8 U.S.C. § 1226(a)) as the authority for his detention and a

---

[1] Because the Court is granting relief on due process grounds, it need not address Garay's arguments based on the Immigration and Nationality Act or the implementing bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.

Notice to Appear ("NTA").[2] [Dkt. No. 1] at ¶ 53. Garay was subsequently placed in the custody of Office of Refugee Resettlement and then released into the care and custody of his father in Long Island, New York. Id. at ¶ 54. On August 26, 2016, Garay applied for asylum, withholding of removal, and protection under the Convention Against Torture as an unaccompanied minor. Id. at ¶ 55. On April 12, 2018, the Bethpage Asylum Office issued a decision of non-eligibility for asylum and referred Garay's application to an immigration court for a hearing. Id.

On June 6, 2017, Garay, then a minor around 15 years old, was apprehended by ICE and was issued a second I-200 Warrant for Arrest and a second NTA. Id. at ¶ 56. Garay requested, and was provided with a custody redetermination hearing, in which an Immigration Judge issued an order requiring DHS to release Garay on his own recognizance because he "is not currently a danger to the community, is not a flight risk and should be released to his sponsor." Id. at ¶ 57. See also [Dkt. No. 1-1] at 14. Garay "lived peacefully" with family for the next eight years. [Dkt. No. 1] at ¶ 57.

In August 2025, Garay was taken into the custody of ICE after an arrest by local police in Charlottesville, Virginia for public intoxication. Id. at ¶ 58. Garay's request for a bond hearing was denied. Id. at ¶ 58. On October 28, 2025, an Immigration Judge denied Garay's asylum application and issued a removal order. Id. at ¶ 60. Garay timely appealed that decision to the Board of Immigration Appeals ("BIA"). Id.

Garay filed his Petition for Writ of Habeas Corpus on December 1, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents

---

[2] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in <u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between <u>Ceba Cinta</u> and this Petition." [Dkt. No. 3] at 1. In response, the federal respondents filed a notice[*] stating that "the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in <u>Ceba Cinta</u>" and requesting that this Court "incorporate the filings in <u>Ceba Cinta</u> into the record of this habeas action."[3] [Dkt. No. 6] at 1-2. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Garay's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their <u>Ceba Cinta</u> opposition— which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission."

---

[*] The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in <u>United States v. Comey</u>, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and <u>United States v. James</u>, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have neither been stayed nor appealed as of this date. <u>See also United States v. Giraud</u>, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

[3] The federal respondents' notice indicated that this representation was based on petitioner's allegation that he timely appealed the denied of his asylum application, and that ICE is in possession of such an appeal. [Dkt. No. 6] at 2. The federal respondents assert that the appeal does not appear in the BIA court system, and that in the event that they determine the appeal was not timely submitted, they "will file an appropriate update with the Court, as such untimely submission could change the statutory detention authority applicable to [p]etitioner." <u>Id.</u>

4

Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Garay has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while

---

[4] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), which the Government has not appealed. This Court adopts the findings and conclusions in Hasan into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); Zelaya Arias v. Lyons, et al., 1:25-cv-1892, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); Maya Torres v. Crawford, et al., 1:25-cv-1891, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance); Cabrera Gomez v. Noem, et al., 1:25-cv-1997, Dkt. No. 6 (E.D. Va. Nov. 26, 2025) (released on a $3,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 13 (E.D. Va. Nov. 23, 2025) (released on a $1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-

1872, Dkt. No. 16 (E.D. Va. Nov. 23, 2025) (released on a $8,000 bond); Hernandez-Salvador v. Bondi, et al., 1:25-cv-2001, Dkt. No. 7 (E.D. Va. Dec. 2, 2025) (released on a $1,500 bond); Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (E.D. Va. Dec. 3, 2025) (released on his own recognizance); Hernandez Contreras v. Lyons, et al., 1:25-cv-2053, Dkt. No. 8 (E.D. Va. Dec. 3, 2025) (released on his own recognizance); Reyes Alvarez v. Crawford, et al., 1:25-cv-2148, Dkt. No. 8 (E.D. Va. Dec. 4, 2025) (released on his own recognizance); Flores Lazaro v. Simon, et al., 1:25-cv-2091, Dkt. No. 7 (E.D. Va. Dec. 4, 2025) (released on a $5,000 bond); Mata v. Bondi, et al., 1:25-cv-2089, Dkt. No. 9 (E.D. Va. Dec. 4, 2025) (released on a $5,000 bond). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929, Dkt. No. 12 (E.D. Va. Nov. 22, 2025) (bond denied).

Garay has been present in the United States since 2014. [Dkt. No. 1] at ¶ 53. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Garay's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Garay's continued detention is unlawful.

III.

For all the reasons stated above, Garay's Petition [Dkt. No. 1] is GRANTED, and it is hereby

7

ORDERED that Garay be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Garay must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Garay with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Garay on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Garay is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[5]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Garay has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Garay's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this _10_ day of December, 2025.

Alexandria, Virginia

_____ /s/ _____
Leonic M. Brinkema
United States District Judge

---

[5] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

8